FELIPE PÉREZ RAMÍREZ, Plaintiff and Appellant, *v.* BARTOLO TORRES IRIZARRY ET AL., Defendants and Appellees.

No. 11374. Argued March 1, 1956.—Decided August 9, 1956.

*Raúl Matos* for appellant. *Erasto J. Arjona Siaca* for defendant and appellee, Bartolo Torres Irizarry.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

This is an action brought by Felipe Pérez in the Superior Court for the annulment of a birth certificate. A complaint was filed against the minor Rada Torres Rosado, per se and assisted by her father with *patria potestas* Bartolo Torres, against the latter in his own right, and against Jova Rosado, mother of the minor. In brief, Pérez alleges that the minor codefendant, Rada Torres Rosado, was born in Peñuelas on

June 11, 1936, and was recorded in the Registry of Vital Statistics of that town as the legitimate daughter of the co-defendants Bartolo Torres and Jova Rosado; that Jova Rosado and the plaintiff (Felipe Pérez) are the real parents of the minor, who was conceived while both lived in public concubinage in Peñuelas; that Jova Rosado recorded the girl as the legitimate daughter of Bartolo Torres being well aware that she was plaintiff's natural daughter; and finally that the minor is in the uninterrupted possession of the status of natural daughter of the plaintiff. In the prayer of the complaint, the Court is asked to declare null the birth certificate of Rada Torres Rosado as legitimate daughter of Bartolo Torres, and to order the registration of the minor in the Registry of Vital Statistics as the natural daughter of the plaintiff, Felipe Pérez.

Although all the defendants were duly summoned, Bartolo Torres alone appeared. Without filing any answer whatever, he filed a brief entitled *"counterclaim"* which reproduces all the averments of the complaint, as well as the prayer thereof. Notice of the aforesaid counterclaim was given to plaintiff Felipe Pérez alone. The latter then filed an "answer" admitting all the facts alleged in the counterclaim and acquiescing in the judgment prayed for.

After entry of the default of the codefendants Jova Rosado and Rada Torres Rosado, the trial was held. The plaintiff alone appeared, and as sole evidence offered his own testimony and a copy of the birth certificate of the minor. Felipe Pérez testified that at the time of the conception, pregnancy and birth of the minor Rada Torres Rosado, he lived in public concubinage with the child's mother in Peñuelas; that at the time, Jova Rosado, the minor's mother, was married to Bartolo Torres but "she never lived with him, after their marriage"; that he has always taken care of the education and support of the girl and has always treated her in the same way as his legitimate children; and that he

and the mother and the minor (who at the time was seventeen years old) wish that the latter be recorded in the Registry of Vital Statistics as acknowledged natural daughter of Felipe Pérez and Jova Rosado. The birth certificate reveals that the minor was born in Peñuelas on June 11, 1936, that she was recorded in the Registry by her mother as the daughter of Bartolo Torres, and that on that date both the mother and Bartolo Torres lived in Peñuelas.

The Superior Court rendered judgment dismissing the complaint and, on appeal, the plaintiff's only assignment is that "the trial court committed manifest error of law in dismissing the complaint and in failing to make any pronouncement whatever as to the counterclaim. . . ." In our opinion, the appeal is without merit.

In the first place, the plaintiff-appellant, who claims to be the natural father of the minor Rada Torres Rosado, has neither power nor standing to challenge her status as a legitimate child. It is well settled that the legitimacy can be only challenged by the husband or his legitimate heirs (in the cases pointed out by § 116 of the Civil Code —31 L.P.R.A. § 464) and by the child itself as an incident to the action of filiation granted to it under Act No. 229 of 1942. *Agosto* v. *Javierre*, 77 P.R.R. 444 (1954).[1] It is unquestionable that the complaint filed by the alleged natural father in this case raises a challenge and possible loss of the status of legitimate child of the minor Rada Torres Rosado. Therefore, such complaint does not state a cause of action, for the personal status of legitimate child is upheld until it is destroyed *at the instance of the persons who at law may challenge the legitimacy.* 31 L.P.R.A. §§ 461–463. *Cf. Chabrán* v. *Méndez*, 74 P.R.R. 719, 736 (1953); *Chaulón* v. *Chabrán, ante*, p. 286 (1956); *Cubano* v. *Del Valle*, 69 P.R.R. 538 (1949); *Burgos* v. *Vázquez*, 48 P.R.R. 405

---

[1] *Moscoso* v. *Rivera*, 76 P.R.R. 450 (1954) does not change at all that juridical rule and we need not reexamine here our decision in that case.

(1935); *Núñez* v. *Lacot,* 32 P.R.R. 76 (1923). See Manresa, *Código Civil Español,* Vol. 1 (6th ed. 1943), pp. 541 to 546.

■■ On the other hand, it seems unquestionable that the codefendant Torres in a counterclaim against the alleged natural father and plaintiff herein cannot pray for the cancellation of an entry in the registry and for a new entry which, in the long run, would make Rada Torres Rosado the natural daughter of the plaintiff Pérez. Of course, as husband of Jova Rosado and legitimate father according to the birth certificate, Torres could have challenged the minor's legitimacy by requesting the annulment of the entry in the Registry where she appeared as his daughter. But that would be an action against the mother and the minor and not against the alleged natural father. *Cubano* v. *Del Valle, supra* and *Chabrán* v. *Méndez, supra.* The latter could not even intervene in the action to challenge the legitimacy as we held in the *Chabrán* case, *supra,* at p. 736.[2]

■ Nor can we accept that Torres, as father with *patria potestas* over the child, could have filed an action for filiation in the name and in representation of the latter against the alleged natural father, who in this case is plaintiff Pérez. The action for filiation which may be exercised by natural children both under the Civil Code and under

---

[2] Pursuant to § 115 of the Civil Code (1930 ed.) 31 L.P.R.A. § 463 in a case contesting the legitimacy of a child born after the 300 days following the dissolution of the marriage ". . . the child and its mother shall also have the right to prove the paternity of the husband. . . .". Logically, the mother has the same right when the legitimacy of a child born after 180 days following the marriage and before the 300 days following its dissolution is challenged. Thus, proceedings which involve the challenge of the status of legitimacy apparently require that the mother and the child be summoned. 17 *Enciclopedia Jurídica Española* 805. However, in *Chabrán* v. *Méndez, supra,* and by way of dictum we stated that "the mother was at the most a proper party defendant" in a suit where the legitimacy was challenged. See also Rules 19 and 20 of the Rules of Civil Procedure, 32 L.P.R.A. App. 19 and 20. *Cf. Agosto* v. *Javierre,* 77 P.R.R. 444, 472, (1954) and 3 Moore's *Federal Practice* (2d ed.) pp. 2101 *et seq.*

Act No. 229 of May 12, 1942, (as well as the action for filiation for the sole purpose of bearing the father's surname, provided by Act No. 243 of May 12, 1945, which amended Act No. 229, to children who did not have the legal status of natural children according to the state of the former legislation) must be exercised by the children themselves— not by the parents—because it is a right which they alone can assert. In *Agosto* v. *Javierre, supra,* we admitted that a suit for filiation may be brought, under Act No. 229, by a child born of a married mother, begotten in extramarital relations, and as incidental to the exercise of that action, we acknowledged the right of the child to challenge its civil status of legitimacy. But in the aforesaid suit which involves a challenge of the status of legitimacy of a child, the husband is an indispensable party defendant. *Agosto* v. *Javierre, supra,* at p. 472. Therefore, here the action could be filed only by the minor represented by her mother or by a guardian *ad litem* appointed by the court, in view of the possible conflict of interests between the mother and the minor.[3] In any event, in the case at bar, Torres merely filed the aforesaid counterclaim in his own right and there is nothing in the title, or in the averments, or in the prayer thereof, that may serve as basis for concluding that the counterclaimant appeared and acted in representation of the minor. Therefore, this is not a case of a mere defect of form in the pleading, and actually, the so-called "counterclaim" is a mere answer admitting all the facts alleged in the complaint. But it does not state facts constituting a cause of action for, as we pointed out, the law does not rec-

---

[3] A natural father may acknowledge by his own voluntary determination in a birth record as well as in any other public document, including affidavits (24 L.P.R.A. §§ 1132, 1134, 1165, and 1231) a child born of a single woman. His act, however, is invalid at law when the child is born of a woman married to another man at the crucial time, because it implies the destruction of the status of legitimate child granted by the law to the child. But the voluntary acknowledgment would be ratified in case the legitimacy is subsequently destroyed by the means and in the manner permitted by law.

ognize to the alleged natural father the power to challenge the minor's legitimacy.[4] Finally, we cannot see how the plaintiff could base his appeal on the fact that, either expressly or impliedly, the trial court dismissed a counterclaim filed against him by one of the codefendants. The counterclaimant alone could have appealed from that pronouncement of the judgment.

The judgment of the lower court will be affirmed.

Mr. Justice Pérez Pimentel did not participate herein.

Mr. Justice Belaval dissented.

---

[4] It is convenient to state that "no compromise can be made with regard to the civil status of persons." Section 1713 of the Civil Code 1930 ed.), 31 L.P.R.A. § 4825. Furthermore, it is unquestionable that the alleged "counterclaim" in this case does not constitute a "crossclaim against codefendant" under Rule 13 of the Rules of Civil Procedure. 32 L.P.R.A. App. R. 13.